JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Talmadge Tippett and Phyllis Tippett | Ameriprise Insurance Company, IDS Property Casualty Insurance Company |

**(b)** County of Residence of First Listed Plaintiff  MONTOGMERY  CO. PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   De Pere, WI
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bernard M. Gross, 100 Penn Square East, Suite 450, The Wanamaker Bldg., Phila., PA 19107 215-561-3600

Attorneys (If Known)
Pamela A. Carlos, Esq., Bennett, Bricklin & Saltzburg, LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103 - (215) 665-3315 for defendants' Ameriprise Ins. Co. and IDS Property Casualty Company. Matthew Green, Esq., Obermayer Rebmann Maxwell & Hippel, LLP, One Penn Center, 19th floor, 1617 John F. Kennedy Blvd., Philadelphia, PA 19103 for All American Adjusters, Inc.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

X 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | LABOR | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |
| | | | ☐ 710 Fair Labor Standards Act | | |
| | | | ☐ 720 Labor/Mgmt. Relations | | |
| | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | | |
| | | | ☐ 740 Railway Labor Act | | |
| | | | ☐ 790 Other Labor Litigation | | |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  X 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332, 1441 and 1446

Brief description of cause:
breach of contract, bad faith, negligence, Unfair Insurance Practices Act, Unfair Trade Practices & Consumer Protection Law, fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  In excess $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____    DOCKET NUMBER _____

DATE
August 12, 2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiffs:  705 Wick Lane, Blue Bell, PA 19422

Address of Defendants Ameriprise Insurance Company &IDS Property Casualty Company:: 3500Packerland Drive, De Pere, WI 54115

Address of Defendant All American Adjusters Inc.: 3500Packerland Drive, De Pere, WI 54115

Place of Accident, Incident or Transaction  41 E. Tulpehocken Street, Philadelphia, PA 19144

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Yes X          No ☐

Does this case involve multidistrict litigation possibilities?          Yes☐          No X

RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  Federal Question Cases:
1.  ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐ FELA
3.  ☐ Jones Act-Personal Injury
4.  ☐ Antitrust
5.  ☐ Patent
6.  ☐ Labor-Management Relations
7.  ☐ Civil Rights
8.  ☐ Habeas Corpus
9.  ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B.  Diversity Jurisdiction Cases:
1.  X Insurance Contract and Other Contracts
2.  ☐ Airplane Personal Injury
3.  ☐ Assault, Defamation
4.  ☐ Marine Personal Injury
5.  ☐ Motor Vehicle Personal Injury
6.  ☐ Other Personal Injury (Please specify)
7.  ☐ Products Liability
8.  ☐ Products Liability — Asbestos
9.  ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**

(Check appropriate Category)

I,  Pamela A. Carlos _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the claimed damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 8/12/14 _____          Pamela A. Carlos _____          _____ 56396 _____

Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:**  August 12, 2014 ____          Pamela A. Carlos, Esquire ____          _____ 56396 _____

Attorney-at-Law          Attorney I.D.#

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TALMADGE TIPPETT and** | : CIVIL ACTION |
| **PHYLLIS TIPPETT** | : |
| v. | : |
| | : |
| **AMERIPRISE INSURANCE** | : NO: |
| **COMPANY** | : |
| **and** | : |
| **IDS PROPERTY CASUALTY** | : |
| **INSURANCE COMPANY** | : |
| **and** | : |
| **ALL AMERICAN ADJUSTERS** | : |
| **INCORPORATED** | : |

*2 originals*

## DISCLOSURE STATEMENT FORM

Please check one box:

    The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.


X    The nongovernmental corporate parties, Ameriprise Insurance Company and IDS Property Casualty Insurance Company, in the above listed civil action have the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

    Amerprise Financial Corp.


August 12, 2014
Date

Counsel for:

Signature
PAMELA A. CARLOS
Ameriprise Insurance Co.  and IDS
Property Casualty Insurance Co.
("IDS")

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TALMADGE TIPPETT and** | : | **CIVIL ACTION** |
| **PHYLLIS TIPPETT** | : | |
| **v.** | : | |
| | : | |
| **AMERIPRISE INSURANCE** | : | **NO:** |
| **COMPANY** | : | |
| **and** | : | |
| **IDS PROPERTY CASUALTY** | : | |
| **INSURANCE COMPANY** | : | |
| **and** | : | |
| **ALL AMERICAN ADJUSTERS** | : | |
| **INCORPORATED** | : | |

### DISCLOSURE STATEMENT FORM

Please check one box:

      The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

X      The nongovernmental corporate parties, Ameriprise Insurance Company and IDS Property Casualty Insurance Company, in the above listed civil action have the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

      Amerprise Financial, Inc.


August 12, 2014
_____
Date

Signature
PAMELA A. CARLOS
Ameriprise Insurance Co.  and IDS
Property Casualty Insurance Co.
("IDS")

Counsel for:

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TALMADGE TIPPETT and PHYLLIS TIPPETT | : | **CIVIL ACTION** |
| v. | : | |
| | : | |
| AMERIPRISE INSURANCE COMPANY | : | **NO:** |
| and | : | |
| IDS PROPERTY CASUALTY INSURANCE COMPANY | : | |
| and | : | |
| ALL AMERICAN ADJUSTERS INCORPORATED | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiffs shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                         (  )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                             (  )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                (  )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| **August 12, 2014** | *Pamela Clarke* | **Pamela A. Carlos, Esquire** |
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
| (215) 665-3315 | (215) 561-6661 | carlos@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TALMADGE TIPPETT and PHYLLIS TIPPETT | : | **CIVIL ACTION** |
| v. | : | |
| | : | |
| AMERIPRISE INSURANCE COMPANY | : | **NO:** |
| and | : | |
| IDS PROPERTY CASUALTY INSURANCE COMPANY | : | |
| and | : | |
| ALL AMERICAN ADJUSTERS INCORPORATED | : | |

**NOTICE FOR REMOVAL**

AND NOW, comes Defendants, Ameriprise Insurance Company ("Ameriprise") and IDS Property Casualty Insurance Company ("IDS"), for the purpose only of removing this case to the United States District Court for the Eastern District of Pennsylvania respectfully aver as follows:

1.     This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, July Term, 2014, No. 01045.

2.     Said action was commenced on July 11, 2014 via Complaint. True and correct copies of all processes, pleadings, and orders filed in state court are attached hereto as Exhibit "A."

3.     The Complaint was served on Ameriprise and IDS via certified mail on July 16, 2014.

4.     This suit is of a civil nature and involves a controversy between citizens of different states.

5.     Plaintiffs are citizens of the Commonwealth of Pennsylvania.

6.     Ameriprise and IDS are now and were at the time plaintiffs commenced this civil action, insurance companies organized under the laws of the State of Wisconsin with principal places of business in Wisconsin, and therefore, are citizens of Wisconsin for purposes of determining

diversity. 28 U.S.C. § 1332( c)(1).

7.      The undersigned counsel for Ameriprise and IDS conferred with counsel for defendant, All American Adjusters Incorporated ("All American"), who represented that All American is now and were at the time plaintiffs filed their Complaint, a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. 28 U.S.C. § 1332( c)(1).

8.      Complete diversity between the parties existed on the date the Complaint was filed in state court, the date this action was removed to federal court, and all times in-between and currently.

9.      The Complaint asserts claims against Ameriprise and IDS for breach of contract, bad faith pursuant to 42 PA C.S.A. § 8371, violation of the Unfair Insurance Practice Act, violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), fraud, and punitive damages.

10.     The underlying lawsuit against Ameriprise and IDS arises out of its handling of a property damage claim for a loss that occurred on July 23, 2013 at 705 Wick Lane, Blue Bell, PA 19422.

11.     Ameriprise and IDS seek to remove this matter to the United State District Court for the Eastern District of Pennsylvania. Defendants assert that the amount in controversy in this matter exceeds $75,000. As the moving party, defendants bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mutual Automobile Insurance Company, 961 F.Supp. 808, 810 (E.D. Pa. 1997).

12.     In determining whether the jurisdiction amount has been satisfied, the Court must first look at the complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Cir. 1993).

13.     Under each of the five counts against Ameriprise and IDS, plaintiffs are separately

seeking compensatory damages in excess of $50,000.00.

14.    Under the count for bad faith, plaintiffs are also seeking interest upon the amount of the contract claim against Ameriprise and IDS at prime rate plus three percent, punitive damages, attorney's fees and costs.

15.    Plaintiffs also seek treble damages, costs, and attorneys fees for violation of the UTPCPL, pursuant to 73 P.S. § 201-9.2.

16.    Attorney's fees must also be included in determining the amount in controversy. Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $15,000.

17.    Plaintiff also seeks treble damages pursuant to the UTPCPL, 73 P.S. § 201-9.2.

18.    Whether actual, treble, and punitive damages are recoverable, treble and punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. Bell vs. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

19.    In the event plaintiffs are able to sustain a finding of bad faith, although the propriety of same is disputed by defendants, it would not be unreasonable to expect that a punitive damage award two to three times the amount in controversy could be rendered by the trier of fact.

20.    Counsel for Ameriprise and IDS requested plaintiffs' counsel cap damages at $75,000. The request was denied.

21.    Therefore, the amount in controversy exceeds $75,000, and this action is properly removable on diversity grounds.

22.    This notice of removal was filed within thirty (30) days from the date plaintiffs served their Complaint on defendants, and this notice of removal is therefore timely under 28 U.S.C. §

1446.

23.    Ameriprise and IDS have simultaneously with the filing of this notice, given written notice to plaintiffs and All American.

24.    Counsel for Ameriprise and IDS conferred with counsel for All American, who has consented to Ameriprise and IDS filing the instant notice of removal.

25.    Ameriprise and IDS are also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

26.    Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders filed with the state court are attached as Exhibit "A."

27.    Trial has not commenced in the state court action.

**WHEREFORE,** Defendants Ameriprise and IDS hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**BENNETT, BRICKLIN & SALTZBURG, L.L.C.**

**By:**    PAC2642 _____
PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
Attorney for Defendants, Ameriprise Insurance Co.
and IDS Property Casualty Insurance Co. ("IDS")

DATE: August 12, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TALMADGE TIPPETT and PHYLLIS TIPPETT | : | **CIVIL ACTION** |
| v. | : | |
| | : | |
| AMERIPRISE INSURANCE COMPANY | : | **NO:** |
| and | : | |
| IDS PROPERTY CASUALTY INSURANCE COMPANY | : | |
| and | : | |
| ALL AMERICAN ADJUSTERS INCORPORATED | : | |

## NOTICE

**TO:**    Bernard M. Gross, , Esquire                    Matthew W. Green, Esquire
**Law Offices of Bernard M. Gross, P.C.**     **Obermayer Rebmann Maxwell &**
100 Penn Square East                              **Hippel, LLP**
Suite 450, The Wanamaker Building          One Penn Center, 19th floor
Philadelphia, PA 19107                           1617 John F. Kennedy Blvd.,
Attorney for Plaintiffs                              Philadelphia, PA 19103
                                                            Attorney for Defendant, All American
                                                            Adjusters Incorporated


        PLEASE TAKE NOTICE that defendants, Ameriprise Insurance Company and IDS Property

Casualty Insurance Company, have filed in this Court a verified Notice for Removal of the State

Court action, Tippett v. Ameriprise Ins. Co., et al, now pending in the Court of Common Pleas of

Philadelphia County, Pennsylvania, July Term, 2014, No. 01045.

        PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be

filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    PAC2642
      PAMELA A. CARLOS, ESQUIRE
      Attorney I.D. No. 56396
      1601 Market Street, 16th Floor
      Philadelphia, PA 19103
      (215) 561-4300
      carlos@bbs-law.com
      Attorney for Defendants, Ameriprise Insurance Co.,
      and IDS Property Casualty Insurance Co.

DATE:  August 12, 2014

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TALMADGE TIPPETT and PHYLLIS TIPPETT | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| AMERIPRISE INSURANCE | : | **NO:** |
| COMPANY | : | |
| and | : | |
| IDS PROPERTY CASUALTY | : | |
| INSURANCE COMPANY | : | |
| and | : | |
| ALL AMERICAN ADJUSTERS | : | |
| INCORPORATED | : | |

## PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA:
§
COUNTY OF PHILADELPHIA          :

Pamela A. Carlos, Esquire, being duly sworn according to law, deposes and says that she is a member in the law firm of Bennett, Bricklin & Saltzburg, LLC, attorneys for defendant, State Farm Fire and Casualty Company.

That she did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on 12th day of August 2014.

BENNETT, BRICKLIN & SALTZBURG LLC

By: _____

PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
Attorney for Defendants, Ameriprise Insurance
Co., and IDS Property Casualty Insurance Co.

Sworn to and subscribed
before me this 12th day
of *August* , 2014.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TALMADGE TIPPETT and PHYLLIS TIPPETT | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| AMERIPRISE INSURANCE COMPANY | : | **NO:** |
| and | : | |
| IDS PROPERTY CASUALTY INSURANCE COMPANY | : | |
| and | : | |
| ALL AMERICAN ADJUSTERS INCORPORATED | : | |

## PROOF OF SERVICE

COMMONWEALTH OF PENNSYLVANIA:

§

COUNTY OF PHILADELPHIA          :

Pamela A. Carlos, being duly sworn according to law, deposes and says that she is a member of the law firm of Bennett, Bricklin & Saltzburg, LLC, attorneys for defendants, Ameriprise Insurance Company and IDS Property Casualty Insurance Company, and that she did serve this 12th day of August 2014, the aforementioned notice to plaintiffs and defendant, All American Adjusters Incorporated, upon the individual named below by depositing a copy of same in the United States Post Office box, postage prepaid, enclosed in an envelope plainly addressed to: Bernard M. Gross, Esquire, **Law Offices of Bernard M. Gross, P.C.,** 100 Penn Square East, Suite 450, The Wanamaker Building, Philadelphia, PA 19107; Matthew W. Green, Esquire, **Obermayer Rebmann Maxwell & Hippel, LLP,** One Penn Center, 19th floor, 1617 John F. Kennedy Blvd., Philadelphia, PA 19103.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:

PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
Attorney for Defendants, Ameriprise Insurance
Company and IDS Property Casualty Insurance
Company

Sworn to and subscribed
before me this 12th day
of august, 2014.

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2017

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)

**JULY 2014**

E-Filing Number: 1407020760

**001045**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TALMADGE TIPPETT | AMERIPRISE INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 705 WICK LANE<br>BLUE BELL PA 19422 | 3500 PACKERLAND DRIVE<br>DE PERE WI 54115 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PHYLLIS TIPPETT | IDS PROPERTY CASUALTY INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 705 WICK LANE<br>BLUE BELL PA 19422 | 3500 PACKERLAND DRIVE<br>DE PERE WI 54115 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ALL AMERICAN ADJUSTERS INCORPORATED |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 5748 SPRIGGS MEADOW DRIVE<br>WOODBRIDGE VA 22193 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 3 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

JUL **11** 2014

**J. OSTROWSKI**

IS CASE SUBJECT TO
COORDINATION ORDER?

YES      NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>TALMADGE TIPPETT , PHYLLIS TIPPETT</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| BERNARD M. GROSS | THE WANAMAKER BLDG,<br>100 PENN SQUARE EAST<br>SUITE 450<br>PHILA PA 19107 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)561-3600 | (215)561-3000 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 2571 | jim@bernardmgross.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| BERNARD GROSS | Friday, July 11, 2014, 10:53 am |

FINAL COPY (Approved by the Prothonotary Clerk)

REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

One Reading Center
Filadelfia, Pennsylvania 19017
Telefono:  (215) 238-6333

Case ID: 140701045

LAW OFFICES
BERNARD M. GROSS, P.C.
100 Penn Square East
Suite 450, The Wanamaker Bldg.
Philadelphia, PA 19107
Phone: 215-561-3600/Fax: 215-561-3000

Assessment of damages
hearing is/XXXXX
required and Attested by
PROTHONOTARY
11 JUL 2014 10:55 am
J. OSTROWSKI

MAJOR JURY

TALMADGE TIPPETT and          :    COURT OF COMMON PLEAS
PHYLLIS TIPPETT               :    PHILADELPHIA COUNTY
705 Wick Lane                 :
Blue Bell, PA  19422          :        JULY      TERM, 2014
          v.                  :
AMERIPRISE INSURANCE COMPANY  :    NO.    1045
3500 Packerland Drive         :
De Pere, WI  54115            :    I.D. NO. 02571
          and                 :
IDS PROPERTY CASUALTY INSURANCE :
COMPANY                       :
3500 Packerland Drive         :
De Pere, WI  54115            :
          and                 :
ALL AMERICAN ADJUSTERS        :
INCORPORATED                  :
5748 Spriggs Meadow Drive     :
Woodbridge, VA  22193         :

<u>CIVIL ACTION</u>

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus objeciones a sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.</u> | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAMA POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| <u>IF YOU CANNOT AFFORD TO HIRE A LAWYER THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A</u> | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICIO DE REFENCIA E INFORMACION LEGAL |

Case ID: 140701045

1.      Plaintiffs Talmadge Tippett and Phyllis Tippett are adult individuals residing at the address indicated in the above caption.

2.      Defendants Ameriprise Insurance Company (hereinafter referred to as "Ameriprise") and IDS Property Casualty Insurance Company (hereinafter referred to as "IDS") are corporations engaged in the insurance business and at all times material hereto were authorized to sell and did sell homeowners' insurance in the County of Philadelphia and the Commonwealth of Pennsylvania from their offices located at the addresses indicated in the above caption.

3.      Defendant All American Adjusters Incorporated (hereinafter referred to as "All American") is a corporation engaged in the business of adjusting property losses and at all times material hereto conducted business in the County of Philadelphia and the Commonwealth of Pennsylvania from its offices located at the address indicated in the above caption.

4.      At all times material hereto, each defendant acted or failed to act by and through its employees, agents, servants, workmen, contractors, and representatives, who were acting within the scope and course of their relationship to the defendant. Each defendant is vicariously liable or otherwise responsible for the acts or failures to act of its employees, agents, servants, workmen, contractors, and representatives.

5.      Defendants Ameriprise and IDS sold to the plaintiffs a policy of homeowners' insurance as policy number HI00873923 for which the plaintiffs paid a premium, which was in effect on July 23, 2013 (hereinafter referred to as the "policy").

6.      The policy provided property protection coverage for the dwelling located at 41 E. Tulpehocken Street in Philadelphia, PA (hereinafter referred to as the "dwelling"). The plaintiffs owned and resided in this property on July 23, 2013. The property protection coverage included dwelling coverage, personal property coverage, and additional living expense. The dwelling and personal property coverage provided that Ameriprise would pay for replacement costs without deduction for depreciation.

7.      On July 23, 2013, a fire occurred at the property (hereinafter referred to at "the fire") which caused damage to the dwelling and to plaintiffs' personal property. As a result of the extensive damage to the dwelling and the personal property, the dwelling was not fit to live in and the plaintiffs needed to reside at another location.

8.      The plaintiffs hired A-Plus Public Adjusters (hereinafter referred to as "A-Plus") to advise and assist the plaintiffs in the adjustment of their insurance claims against Ameriprise and IDS for the losses caused by the fire.

9.      Ameriprise and IDS hired All American to prepare an estimate for the cost of repairing and replacing the damage to the dwelling as a result of the fire. At all times material hereto, All American was the agent, contractor, and/or representatives of

Case ID: 140701045

Ameriprise and IDS, and Ameriprise and IDS acted by and through All American, which acted within the scope and course of its relationship to Ameriprise and IDS. Ameriprise and IDS are vicariously liable or otherwise responsible for the acts or failures to act of All American.

10.    At all times material hereto, the plaintiffs and A-Plus fully complied with the terms of the policy with respect to their claims under the dwelling, personal property, and the additional living expense coverages.

11.    Ameriprise and IDS have failed and refused to pay for all of the plaintiffs' losses for which they are contractually obligated to pay under the dwelling, personal property, and the additional living expense coverages of the policy.

## COUNT I

### TALMADGE TIPPETT AND PHYLLIS TIPPETT
### V.
### AMERIPRISE INSURANCE COMPANY
### and
### IDS PROPERTY CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

12.    Plaintiffs incorporate by reference the averments in the above paragraphs as if specifically set forth herein.

13.    The policy constituted a valid contract between the plaintiffs, as insureds, and Ameriprise and IDS.

14.    The policy imposed upon Ameriprise and IDS a fiduciary duty to act in good faith, use due care, and apply fair dealing towards the plaintiffs, as insureds, in handling all claims they may bring under the policy.

15.    The plaintiffs, at all times material hereto, fully and completely cooperated with Ameriprise and IDS, and fulfilled all of their obligations under the policy.

16.    By failing to fully pay for all of plaintiffs' losses for which they were contractually obligated to pay, Ameriprise and IDS breached their contractual obligations to plaintiffs under the policy.

17.    Ameriprise and IDS breached the contract of insurance by, among other things:

    (a)    failing and refusing to pay for the costs of repairing and replacing the

2

dwelling's roofs, siding, electrical system, ceilings, walls, and floors damaged as a direct result of the fire;

(b)    failing and refusing to prepare a full and complete estimate of the costs of repairing and replacing the roofs, siding, electrical system, ceilings, walls, and floors damaged as a direct result of the fire, despite repeated requests by plaintiffs and A-Plus;

(c)    failing and refusing to pay for water damage to the dwelling and personal property as a direct result of the fire from snow and rain leaking into the dwelling from the roof which could not be permanently repaired and replaced due to the defendants failure and refusal to pay for the permanent repairs and replacements;

(d)    creating a separate claim, without the plaintiffs' permission, for the water damage to plaintiffs' dwelling and personal property from snow and rain leaking into the dwelling as a result of the fire damage to the roof, where this water damage was a direct result of the fire and should have been paid by the defendants as part of the plaintiffs' claim for losses from the fire;

(e)    failing and refusing to pay for the costs of asbestos and mold removal directly resulting from the fire, and failing and refusing to prepare an estimate for these costs;

(f)    paying for the actual cash value, after depreciation, for some of the dwelling losses, instead of paying the replacement costs as required by the policy;

(g)    failing and refusing to ensure that All American, the defendants' contractor, did a full and complete dwelling estimate which would include, among other things, the costs of repairing and replacing the dwelling's roofs, siding, electrical system, ceilings, walls, and floors damaged as a direct result of the fire, and the costs of asbestos and mold removal, all directly resulting from the fire;

(h)    failing and refusing to pay for all of plaintiffs' personal property losses, even after a detailed estimate of the personal property losses was submitted to Ameriprise and IDS by A-Plus;

(i)    failing and refusing to prepare an estimate of plaintiffs' personal property losses, despite repeated requests by A-Plus;

(j)    failing and refusing the pay after January, 2014 for the plaintiffs' rent due and owing to Korman Communities/Meadow Wick under the additional living expenses coverage, even though the dwelling is still unfit to live in as a result of the failure and refusal of the defendants to pay for all of plaintiffs' dwelling and personal property losses, including the costs of permanently repairing and replacing the roofs;

3

(k)    failing and refusing to properly and promptly investigate, evaluate, and negotiate plaintiffs' claims;

(l)    such other contractual breaches as may be disclosed during the course of the discovery and trial of this matter.

18.    As a result of the defendants' breaches of contract referred to above, the plaintiffs suffered losses and damages which include without limitation the following:

(a)    loss of payments which the defendants were obligated to make under the policy for the plaintiffs' dwelling losses, personal property losses, and additional living expenses;

(b)    additional costs for damage to the plaintiffs' dwelling and personal property from snow and rain leaking into the dwelling from the roof which could not be permanently repaired or replaced due to the defendants failure and refusal to pay for the permanent repairs or replacements;

(c)    attorneys' fees, court costs, other expenses, mental and emotional distress and anguish, inconvenience, embarrassment and humiliation, and loss of quality of life as a result of the eviction action filed by Korman Communities/Meadow Wick against the plaintiffs after the plaintiffs were unable to pay their rent due to the defendants' termination of the payments for additional living expenses;

(d)    damage to plaintiffs' credit rating as a result of the defendants' failure and refusal to pay additional living expenses for plaintiffs' rent and to pay for plaintiffs' other losses and expenses;

(e)    mental and emotional distress and anguish, inconvenience, embarrassment and humiliation, and loss of quality of life as a result of the defendants' negligent, careless, reckless, wanton, willful, and outrageous breaches of contract;

(f)    additional compensatory damages;

(g)    interest, court costs, attorney fees, expert witness fees, and delay damages.

WHEREFORE, plaintiffs demand judgment against defendants Ameriprise Insurance Company and IDS Property Casualty Insurance Company in an amount in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

4

Case ID: 140701045

## COUNT II

### TALMADGE TIPPETT AND PHYLLIS TIPPETT
### V.
### AMERIPRISE INSURANCE COMPANY
### and
### IDS PROPERTY CASUALTY INSURANCE COMPANY

### BAD FAITH

19.     Plaintiffs incorporate by reference the averments in the above paragraphs as if specifically set forth herein.

20.     At all times material hereto, Ameriprise and IDS owed a duty to the plaintiffs, their insureds, to act in good faith in the handling of plaintiffs' claims under the policy.

21.     The defendants did not have a reasonable basis for denying benefits to plaintiffs under the policy and the defendants knew or recklessly disregarded their lack of reasonable basis in denying their claims.

22.     The defendants acted in reckless disregard of plaintiffs' claims and rights and their conduct was willful, wanton, and outrageous.

23.     The defendants acted in bad faith in denying plaintiffs' claims.

24.     In addition to the damages referred to above, the plaintiffs are entitled under 42 Pa.S.C.A. § 8371 to interest on the amount of each claim from the date the claim was made by plaintiffs in an amount equal to the prime rate of interest plus 3 %, punitive damages, court costs and attorney fees, and compensatory damages, including damages for mental and emotional distress and anguish, inconvenience, embarrassment and humiliation, loss of quality of life and attorneys' fees and court costs related to the eviction action.

**WHEREFORE**, plaintiffs demand judgment against defendants Ameriprise Insurance Company and IDS Property Casualty Insurance Company in an amount in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

5

## COUNT III

### TALMADGE TIPPETT AND PHYLLIS TIPPETT
### V.
### ALL AMERICAN ADJUSTERS INCORPORATED

### THIRD PARTY BENEFICIARY CLAIM

25.    Plaintiffs incorporate by reference the averments in the above paragraphs as if specifically set forth herein.

26.    Ameriprise and IDS entered into a contract with All American to prepare an estimate for the cost of repairing and replacing the damage to the dwelling as a result of the fire.

27.    Ameriprise, IDS, and All American intended and indicated in the contract that the plaintiffs should be a beneficiary of the contract.

28.    All American prepared an estimate for the cost of repairing and replacing the damage to the dwelling as a result of the fire.

29.    All American breached its contract with Ameriprise and IDS by, among other things:

(a)    failing and refusing to prepare a full and complete estimate of the costs of repairing and replacing the roofs, siding, electrical system, ceilings, walls, and floors damaged as a direct result of the fire, despite repeated requests by plaintiffs and A-Plus;

(b)    failing and refusing to prepare an estimate for the costs of asbestos and mold removal directly resulting form the fire;

(c)    failing and refusing to properly and promptly investigate, evaluate, assess, and adjust plaintiffs' claims for their dwelling loss;

(d)    such other contractual breaches as may be disclosed during the course of the discovery and trial of this matter.

30.    As a result of All American's breaches of its contract with Ameriprise and IDS referred to above, the plaintiffs, as third party beneficiaries of the contract, suffered the losses and damages referred to above.

6

Case ID: 140701045

**WHEREFORE,** plaintiffs demand judgment against defendant All American Adjusters Incorporated in an amount in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

## COUNT IV

### TALMADGE TIPPETT AND PHYLLIS TIPPETT
### V.
### ALL AMERICAN ADJUSTERS INCORPORATED

### NEGLIGENCE

31.    Plaintiffs incorporate by reference the averments in the above paragraphs as if specifically set forth herein.

32.    Defendant All American was careless, negligent, and reckless in preparing an estimate for the costs of repairing and replacing the damage to the dwelling as a result of the fire by, among other things:

33.    failing and refusing to prepare a full and complete estimate of the costs of repairing and replacing the roofs, siding, electrical system, ceilings, walls, and floors damaged as a direct result of the fire, despite repeated requests by plaintiffs and A-Plus;

(a)    failing and refusing to prepare an estimate for the costs of asbestos and mold removal directly resulting form the fire;

(b)    failing and refusing to properly and promptly investigate, evaluate, assess, and adjust claims for their dwelling loss;

(c)    such other acts and failures to act may be disclosed during the course of the discovery and trial of this matter.

34.    As a result of All American's carelessness, negligence, and recklessness, the plaintiffs suffered the losses and damages referred to above.

**WHEREFORE,** plaintiffs demand judgment against defendant All American Adjusters Incorporated in an amount in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

7

Case ID: 140701045

## COUNT V

### TALMADGE TIPPETT AND PHYLLIS TIPPETT
V.
### AMERIPRISE INSURANCE COMPANY
and
### IDS PROPERTY CASUALTY INSURANCE COMPANY
and
### ALL AMERICAN ADJUSTERS INCORPORATED

### UNFAIR INSURANCE PRACTICES ACT

35.    Plaintiffs incorporate by reference the averments in the above paragraphs as if specifically set forth herein.

36.    This action is also brought under the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.

37.    The defendants Ameriprise, IDS, and All American committed unfair claim settlement and compromise practices in handling plaintiffs' claims and the claims of other insureds in violation 40 P.S. § 1171.5 by their acts and failures to act which include without limitation the following:

(a)    the acts and failures to act referred to in ¶ ¶ 17 and 29 of this complaint;

(b)    misrepresenting pertinent facts and policy or contract provisions relating to coverages at issue;

(c)    failing to acknowledge and act promptly upon written and oral communications with respect to the plaintiffs' claims;

(d)    failing to adopt and implement reasonable standards for the prompt investigation of the plaintiffs' claims and the claims of other insureds;

(e)    refusing to pay claims without conducting a reasonable investigation based upon all available information;

(f)    failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements had been completed and communicated to the company or its representative;

(g)    not attempering in good faith to effectuate prompt, fair and equitable settlements of the claims of plaintiffs and other insureds in which the company's liability

8

Case ID: 140701045

under the policy has become reasonably clear;

(h)   compelling plaintiffs and other insures to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due;

(i)   failing to promptly provide a reasonable explanation to the plaintiffs and other insureds of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

(j)   such other unfair claim settlement and practices as may be disclosed during discovery and trial of this matter.

38.   The above acts and failures to act were committed or performed with such frequency as to indicate a business practice and violated 40 P.S. § 1171.5 (i) - (vii), and (xiv).

39.   As a result of the defendants' unfair insurance practices referred to above, the plaintiffs suffered the  losses and damages referred to above.

WHEREFORE, plaintiffs demand judgment against defendants Ameriprise Insurance Company, IDS Property Casualty Insurance Company, and All American Adjusters Incorporated in an amount in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

## COUNT VI

**TALMADGE TIPPETT AND PHYLLIS TIPPETT**
**V.**
**AMERIPRISE INSURANCE COMPANY**
**and**
**IDS PROPERTY CASUALTY INSURANCE COMPANY**
**and**
**ALL AMERICAN ADJUSTERS INCORPORATED**

### UNFAIR TRADE PRACTICES & CONSUMER PROTECTION LAW

40.   Plaintiffs incorporate by reference the averments in the above paragraphs as if specifically set forth herein.

41.   This action is also brought under the Pennsylvania Unfair Trade Practices and Consumer Protection law, 73 P.S. § 201-1 et seq.

42.   The defendants Ameriprise, IDS, and All American engaged in unfair and

9

deceptive business practices in handling plaintiffs' claims in violation 73 P.S. §§ 201-2 and 201-3 by their acts and failures to act which include without limitation the following:

    (a)   the acts and failures to act referred to in ¶ ¶ 17 and 29 of this complaint;

    (b)   engaging in fraudulent or deceptive conduct which created the likelihood of confusion or of misunderstanding;

    (c)   such other unfair and deceptive business practices as may be disclosed during discovery and trial of this matter

    43   The above acts and failures to act violated 73 P.S. ¶¶ 201-2 (4)(xxi) and 201-3.

    44.   As a result of the defendants' unfair and deceptive business practices referred to above, the plaintiffs are entitled to treble damages, costs, and attorneys' fees, as well as recovery for the losses and damages referred to above.

    **WHEREFORE**, plaintiffs demand judgment against defendants Ameriprise Insurance Company, IDS Property Casualty Insurance Company, and All American Adjusters Incorporated in an amount in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

## COUNT VII

**TALMADGE TIPPETT AND PHYLLIS TIPPETT**
**V.**
**AMERIPRISE INSURANCE COMPANY**
**and**
**IDS PROPERTY CASUALTY INSURANCE COMPANY**
**and**
**ALL AMERICAN ADJUSTERS INCORPORATED**

### FRAUD

    45.   Plaintiffs incorporate by reference the averments in the above paragraphs as if specifically set forth herein.

    46.   In the investigation, adjustment, evaluation, and negotiation of plaintiffs' claims, the defendants made misrepresentations of material facts to others which were fraudulent in that the defendants knew they were untrue, were indifferent as to whether they were true, or by reason of special circumstance had a duty to know whether they were true.

Case ID: 140701045

47.    The defendants intended that the plaintiffs rely on their fraudulent misrepresentations and the plaintiffs did so rely, resulting in the damages and losses referred to above.

WHEREFORE, plaintiffs demand judgment against defendants Ameriprise Insurance Company, IDS Property Casualty Insurance Company, and All American Adjusters Incorporated in an amount in excess of Fifty Thousand Dollars ($50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

## COUNT VIII

### TALMADGE TIPPETT AND PHYLLIS TIPPETT
### V.
### AMERIPRISE INSURANCE COMPANY
### and
### IDS PROPERTY CASUALTY INSURANCE COMPANY
### and
### ALL AMERICAN ADJUSTERS INCORPORATED

### PUNITIVE DAMAGES

48.    Plaintiffs incorporate by reference the averments in the above paragraphs as if specifically set forth herein.

49.    The defendants engaged in intentional, reckless, willful, and wanton misconduct, and outrageous conduct done with reckless indifference to the interest of plaintiffs and others.

50.    As a result of defendants' intentional, reckless, willful, and wanton misconduct, and outrageous conduct done with reckless indifference to the interest of plaintiffs and others, plaintiffs sustained the injuries, damages, and losses referred to above, and plaintiffs claim and demand punitive damages on the causes of action referred to above.

11

Case ID: 140701045

WHEREFORE, plaintiffs demand judgment for punitive damages against defendants Ameriprise Insurance Company, IDS Property Casualty Insurance Company, and All American Adjusters Incorporated for punitive damages in an amount in excess of Fifty Thousand Dollars ($ 50,000.00). The amount sued upon is in excess of that requiring submission to arbitration.

LAW OFFICES
BERNARD M. GROSS, P.C.
BY:

BERNARD M. GROSS
Attorney I.D. 02571
Suite 450, Wanamaker Bldg.
100 Penn Square East
Philadelphia, PA 19107
215-561-3600
Attorney for Plaintiffs

12

## VERIFICATION

TALMADGE TIPPETT and PHYLLIS TIPPETT, being duly sworn according to law, deposes and says that the facts set forth in the foregoing material are true and correct to the best of their knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

(TT) _____
TALMADGE TIPPETT

(PT) _____
PHYLLIS TIPPETT

Case ID: 140701045

**BENNETT, BRICKLIN & SALTZBURG LLC**
By: Pamela A. Carlos
Attorney I.D. No. 56396
By: Joseph Acquaviva
Attorney I.D. No. 204456
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
acquaviva@bbs-law.com

Attorneys for Defendants,
Ameriprise Insurance Company and IDS
Property Casualty Insurance Company

---

| | |
|---|---|
| TALMADGE TIPPETT AND<br>PHYLLIS TIPPETT | : COURT OF COMMON PLEAS<br>: TRIAL DIVISION<br>: PHILADELPHIA COUNTY<br>: |
| v. | : JULY TERM, 2014<br>: NO: 01045 |
| AMERIPRISE INSURANCE<br>COMPANY AND IDS PROPERTY<br>CASUALTY INSURANCE<br>COMPANY AND ALL AMERICAN<br>ADJUSTERS INCORPORATED | : |

---

### ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter our appearances as counsel on behalf of Defendants, Ameriprise Insurance

Company and IDS Property Casualty Insurance Company, in the above captioned matter.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    _/s/ Pamela A. Carlos_
Pamela A. Carlos

Date:  July 30, 2014

By:    _/s/ Joseph Acquaviva_
Joseph Acquaviva,
Attorneys for Defendants, Ameriprise
Insurance Company and IDS Property
Casualty Insurance Company

Case ID: 140701045

TALMADGE TIPPETT and : COURT OF COMMON PLEAS
PHYLLIS TIPPETT : PHILADELPHIA COUNTY
705 Wick Lane :
Blue Bell, PA 19422 :
:
: JULY TERM, 2014
:
:
vs. : NO. 1045
:
AMERIPRISE INSURANCE COMPANY :
3500 Packerland Drive :
De Pere, WI  54115 :

### AFFIDAVIT OF SERVICE OF CIVIL ACTION COMPLAINT

COMMONWEALTH OF PENNSYLVANIA :
: ss
COUNTY OF PHILADELPHIA :

     **MICHAEL N. BORISH, ESQUIRE**, being duly sworn according to law, deposes and says that he is attorney for the plaintiffs in the above-captioned matter; and that the defendant, Ameriprise Insurance Company, has been served with a copy of the Civil Action Complaint on July 16, 2014 IN ACCORDANCE WITH COURT RULES. A copy of said notice is attached hereto and marked Exhibit " A".

**MICHAEL N. BORISH**
**100 Penn Square East**
**Suite 450, The Wanamaker Building**
**Philadelphia, PA  19107**
**Phone: 215-561-3600/Fax: 215-561-3000**
**Attorney for Plaintiff**
**I.D. # 27244**

SWORN TO AND SUBSCRIBED

before me this 31ˢᵗ day

of July , 2014.

_____
**Notary Public**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
SUSAN G. GORDON, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 5, 2017

Case ID: 140701045

July 11, 2013

Ameriprise Insurance Company
3500 Packerland Drive
De Pere, WI 54115
**VIA CERTIFIED MAIL - 7006 0100 0006 7312 2179**

    **Re:**    **Talmadge Tippett and Phyllis Tippett**
    **Vs:**    **Ameriprise Insurance Company, et al.**
    **Filed:**   **July 11, 2014**

Dear Sir/Madam:

    Enclosed is a copy of a Civil Action Complaint that was filed against you on behalf of the above-named plaintiffs in the Court of Common Pleas of Philadelphia County.

    Please note that you have twenty (20) days after receipt of this letter and Complaint to have an Answer filed on your behalf with the Court. Failure to take this action may result in a judgment by default being taken against you.

    Very truly yours,

    LAW OFFICES
    BERNARD M. GROSS, P.C.
    BY:

---

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ameriprise Insurance Company
3500 Packerland Drive
De Pere, WI    54115

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  *John Grossman*    ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
             7-16-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

**GROSS**

3. Service Type
  ☒ Certified Mail    ☐ Express Mail
  ☐ Registered    ☐ Return Receipt for Merchandise
  ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article
(Tran    7006 0100 0006 7312 2179

PS Form 3811, February 2004

Case ID: 140701045

## CERTIFICATE OF SERVICE

I, Michael N. Borish, Esquire, hereby certify that a true and correct copy of the foregoing Affidavit of Service of Civil Action Complaint will be served via the electronic filing system on all other counsel who have previously filed an appearance or prior legal paper by electronic filing system in this case.  Matthew Green, Esquire is the attorney for defendant All American Adjusters Inc., but has not entered an appearance, and is being served with this pleading at the following:

> Matthew Green, Esquire
> Obermayer Rebmann Maxwell & Hippel
> **VIA FAX - 215-665-3165**

> **LAW OFFICES**
> **BERNARD M. GROSS, P.C.**
> **BY:**

> **MICHAEL N. BORISH**
> **Attorney I.D.  27244**
> **100 Penn Square East**
> **Suite 450, John Wanamaker Building**
> **Philadelphia, PA  19107**
> **(215) 561-3600**

> **Attorney for Plaintiffs**

Case ID: 140701045

TALMADGE TIPPETT and :  COURT OF COMMON PLEAS
PHYLLIS TIPPETT :  PHILADELPHIA COUNTY
705 Wick Lane :
Blue Bell, PA 19422 :
:
:
:  JULY TERM, 2014
:
vs. :  NO. 1045
:
IDS PROPERTY CASUALTY :
INSURANCE COMPANY :
3500 Packerland Drive :
De Pere, WI  54115 :

## AFFIDAVIT OF SERVICE OF CIVIL ACTION COMPLAINT

COMMONWEALTH OF PENNSYLVANIA :
:  ss
COUNTY OF PHILADELPHIA :

    **MICHAEL N. BORISH, ESQUIRE**, being duly sworn according to law, deposes and says that he is attorney for the plaintiffs in the above-captioned matter; and that the defendant, IDS Property Casualty Insurance Company, has been served with a copy of the Civil Action Complaint on July 16, 2014 IN ACCORDANCE WITH COURT RULES.  A copy of said notice is attached hereto and marked Exhibit " A".

**MICHAEL N. BORISH**
**100 Penn Square East**
**Suite 450, The Wanamaker Building**
**Philadelphia, PA  19107**
**Phone: 215-561-3600/Fax: 215-561-3000**
**Attorney for Plaintiff**
**I.D. # 27244**

SWORN TO AND SUBSCRIBED

before me this  31st  day

of  July  , 2014.

_Susan G Gordon_
**Notary Public**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
SUSAN G. GORDON, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 5, 2017

Case ID: 140701045

*LEGAL*

July 11, 2013

IDS Property Casualty Insurance Company
3500 Packerland Drive
De Pere, WI 54115
**VIA CERTIFIED MAIL - 7012 3460 0002 7748 0393**

**Re:**   **Talmadge Tippett and Phyllis Tippett**
**Vs:**   **Ameriprise Insurance Company, et al.**
**Filed:**   **July 11, 2014**

Dear Sir/Madam:

Enclosed is a copy of a Civil Action Complaint that was filed against you on behalf of the above-named plaintiffs in the Court of Common Pleas of Philadelphia County.

Please note that you have twenty (20) days after receipt of this letter and Complaint to have an Answer filed on your behalf with the Court. Failure to take this action may result in a judgment by default being taken against you.

Very truly yours,

**LAW OFFICES**
**BERNARD M. GROSS, P.C.**
**BY:**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X   John Grossman   ☐ Agent   ☐ Addressee   , GROSS

B. Received by ( Printed Name )        C. Date of Delivery
                                        7-16-14

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

IDS Property Casualty Ins.
3500 Packerland Drive
De Pere, WI   54115

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer fr...)   7012 3460 0002 7748 0393

PS Form 3811, February 2004    Domestic Return Receipt

Case ID: 140701045

## CERTIFICATE OF SERVICE

I, Michael N. Borish, Esquire, hereby certify that a true and correct copy of the foregoing Affidavit of Service of Civil Action Complaint will be served via the electronic filing system on all other counsel who have previously filed an appearance or prior legal paper by electronic filing system in this case.   Matthew Green, Esquire is the attorney for defendant All American Adjusters Inc., but has not entered an appearance, and is being served with this pleading at the following:

Matthew Green, Esquire
Obermayer Rebmann Maxwell & Hippel
**VIA FAX - 215-665-3165**


**LAW OFFICES**
**BERNARD M. GROSS, P.C.**
**BY:**


**MICHAEL N. BORISH**
**Attorney I.D.  27244**
**100 Penn Square East**
**Suite 450, John Wanamaker Building**
**Philadelphia, PA  19107**
**(215) 561-3600**

**Attorney for Plaintiffs**


Case ID: 140701045

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
Matthew A. Green/Bar No. 91592
1617 John F. Kennedy Blvd., 19th Floor
Philadelphia, PA 19103
(215) 665-3000
Attorneys for Defendant, All American Adjusters, Inc.

---

| | |
|---|---|
| TALMADGE TIPPET and PHYLLIS TIPPET<br>705 Wick Lane<br>Blue Bell, PA 19422 | : IN THE COURT OF COMMON PLEAS<br>: OF PHILADELPHIA COUNTY<br>: PENNSYLVANIA<br>: |
| Plaintiff, | :<br>: JULY TERM, 2014 |
| v. | :<br>: NO. 1045 |
| AMERIPRISE INSURANCE COMPANY<br>3500 Packerland Drive<br>DePere, WI 54115<br>and<br>IDS PROPERTY CASUALTY<br>INSURANCE COMPANY<br>3500 Packerland Drive<br>DePere, WI 54115<br>and<br>ALL AMERICAN ADJUSTERS<br>INCORPORATED<br>5748 Spriggs Meadow Drive<br>Woodbridge, VA 22193 | :<br>: CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## ENTRY OF APPEARANCE

**To the Prothonotary:**

Kindly enter the appearance of Matthew A. Green on behalf of Defendant, All American

Adjusters, Inc., in the above captioned matter.

1

Case ID: 140701045

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

/s/ Matthew A. Green
Matthew A. Green, Esquire (Pa. Id. No. 91592)
1617 John F. Kennedy Blvd., 19th Floor
Philadelphia, PA  19103
215-665-3000

Attorneys for Defendant, All American Adjusters, Inc.

Dated:  August 1, 2014

2

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused the foregoing Entry of Appearance to be served on the below listed individual via electronic filing and/or regular mail:

Bernard M. Gross, P.C.
100 Penn Square East
Suite 450, The Wannamaker Bldg.
Philadelphia, PA 19107

Joseph Acquaviva
Bennett, Bricklin & Saltzburg LLC
1601 Market St, 16th Floor
Philadelphia, PA 19103

/s/ Matthew A. Green
Matthew A. Green
Attorney for Defendant, All American Adjusters, Inc.

Dated: August 1, 2014

3